# Beavers r. The State.

*Assault and Battery With a Weapon.*

(Decided June 13, 1907.  44 South. 401.)

1. *Criminal Law; Appeal; Harmless Error; Admission of Evidence.*—Improper questions merely introductory to other questions, all of which latter questions were answered in the negative, if error, was harmless; and the allowing of improper questions merely introductory to another question which was not permitted to be answered, is harmless error.

2. *Assault and Battery; Evidence; Admissibility.*—The condition of the person assaulted as to age and physical infirmities, is properly admitted for the consideration of the jury in determining the amount of the fine in case of a conviction for assault and battery.

APPEAL from Jackson Circuit Court.
.  Heard before Hon. W. W. HARALSON.

Joe Beavers was convicted of assault and battery with a rock upon the person of one Anderson and he appeals. Affirmed.

The state was permitted to ask Fannie Corbet if she saw the defendant that morning before the difficulty, and she was permitted to answer that she saw him at Rorax Mill. Witness Anderson, who is also the person assaulted, was permitted to testify that he was old and infirm and had the rheumatism.

No counsel marked for appellant.

ALEXANDER M. GARBER, Attorney General, for the State.—The admission of the testimony of Corbett and Anderson with reference to statements made by the defendant, if error, were harmless.—*Haralson v. The State*, 82 Ala. 47; *Sylvester v. The State*, 71 Ala. 17; *Holmes v. The State*, 100 Ala. 80.

SIMPSON, J.—The appellant was convicted of the offense of an assault with a rock upon the person of one John F. Anderson. The evidence introduced by the state tends to prove the charge in the indictment. According to the defendant's own testimony he invited and brought on the difficulty, and "slapped down" John F. Anderson, who was a man 74 years of age, and slapped him again, after the old man had shown that he was unable or unwilling to resent his assault.

The questions to the defendant, on cross-examination, as to his seeing Anderson's wife and Fannie Corbet, were only introductory to the main question as to defendant's making offensive remarks about said Anderson, which question could work no injury to defendant, as he answered it in the negative.

There was no reversible error in overruling the objections to the question to the witness Fannie Corbet, as they were merely introductory questions, for the pur-

pose of asking the main question as to whether the defendant made a certain remark to Anderson's wife, which question the witness was not allowed by the court to answer.

There was no error in admitting the testimony of the witness Anderson as to his physical condition at the time of the difficulty, as it was a circumstance which the jury might well take into consideration in determining the amount of the fine, if defendant should be found guilty.

The judgment of the court is affirmed.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.